Peck, J.
The prosecuting attorney, before the trial in the court below, entered a nolle prosequi as to the first count, and the plaintiff in error was tried, convicted and sentenced upon the two remaining counts of the indictment.
It is now insisted, that the said judgment and sentence should.be reversed and the plaintiff in error discharged, because neither of those counts, charge any crime or offense known to the laws of Ohio.
Both counts of the indictment are drawn under the 17th section of the “ act for the punishment of crimes ” (1 S. & 0. Stat. 407-8), which reads as follows :
“ Sec. 17. That if any person shall assault another, with intent to commit a murder, rape or robbery upon the person so assaulted, every person so offending, shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be imprisoned in the penitentiary and kept at hard labor, not more than seven, nor less than three years.”
Both counts (omitting the time and place stated therein), charge — “ that the defendant with force and arms, in and upon one Desire Franks, did unlawfully and feloniously make an assault,* with intent, unlawfully and feloniously, to carnally know and abuse the said Desire Franks; the said defendant being a male person, of the age of seventeen years and upward, and the said Franks being a female child, under the age of ten years; contrary to the form of the statute in such cases provided, and against the peace and dignity of the state of Ohio.”
It is not averred in either count, that the assault was made, with the intent to have carnal knowledge of the said Desire Eranks, forcibly and against her will, nor are any other words *469 of equivalent import employed. For aught that is alleged, she may have consented to all that was done or attempted by the accused, and such must be the construction of the indictment, in the absence of such averment.
The concluding portion of the respective counts, which describes the assailant, as “ a male person of the age of seventeen years and upward ” and the person assaulted, as a female child under the age of ten years, with a presumption of consent to be deduced from the failure to aver that the attempt was forcible and against her will, makes a case which, if the attempted connection' had been consummated, would have come within the purview of the last clause of the fifth section of the same statute, which provides:
That “ if any male person of the age of seventeen years and upward, shall carnally know and abuse any female child, under the age of ten years, with her consent, every such person so offending, shall be deemed guilty of a rape, and upon conviction thereof, shall be imprisoned in the penitentiary,” etc.
The question, therefore, arises whether the mere attempt by a male person of .the age of seventeen years and upward, to have carnal connection with a female child under the age of ten years, she consenting to the connection and voluntarily submitting her person to his operations, is a crime in Ohio, and as such punishable under the seventeenth section above mentioned.
It must be borne in mind that we have no common law offenses in this state. No act or omission, however hurtful or immoral in its tendencies, is punishable as a crime in Ohio, unless such act or omission is specially enjoined or prohibited by the statute laws of the state. It is, therefore, idle to. speculate upon the injurious consequences of permitting such conduct to go unpunished, or to regret that our criminal code has not the expansiveness of the common law.
Two things must concur to authorize a conviction under the seventeenth section. There must have been an assault, coupled with an intent to commit a rape upon the person-assaulted.
An assault implies force unon one side, and repulsion, or at *470 least want of assent, upon the- other. An assault, therefore, upon a consenting party would seem to be a legal absurdity.
Rape is defined to be, the unlawful carnal knowledge, by a man, of a woman, forcibly and against her will. 2 Bishop C. L., sec. 935; 1 East. P. 0. 434. This definition necessarily involves an assault upon the woman and an absence of consent to the act upon her part.
In 2 Bishop 0. L. sec. 930, the learned author, in treating of this crime and its ingredients, remarks : “ The general proposition of the law is very distinct and broad, that the will of the woman must oppose the act, and that any inclination favoring it, is fatal to the prosecution and cites Reg. v. Hallett, 9 C. & P. 748; The State v. Murphy, 6 Ala. 765; Pleasant v. The State, 8 Eng. 360; Woodin v. People, 1 Parker, 464; S. P., Ib. 643; Charles v. The State, 6 Eng. 389.
Among the admitted exceptions to this rule, are cases of females who are non compos, who can have no intelligent will; persons reduced to a state of insensibility and violated while in that condition, and • cases where the consent has been induced or the opposition prevented, by fears of personal violence ; and among the more questionable, are cases where the consent has been obtained or opposition prevented, by fraud or false personation. See on this subject, 2 Bishop C. L., secs. 40, 939, 940; Wharton’s C. L. 513 et seq.; State v. Murphy, 6 Ala. 765, where these exceptions are discussed.
With regard to cases of carnal connection, consummated or, as the case may be, only attempted, with children under ten years of age and consenting to .such connection, the decided weight of authority in England seems to be, that such connection, if consummated, does not constitute a rape; and that where it is not consummated, the person can not be found guilty of an assault with intent to commit a rape, nor even of a common assault. Reg. v. Read et al., 1 Den. Cr. Cas. 377; and see note a to page 379; 2 Carr. & Kirw. 937; Reg. v. Martin, 9 C. & P. 213; Reg. v. Meredith, 8 C. & P. 589.
Nor can the accused, in such case, be found guilty of an assault under 1 Viet., C. 85, section 11, which enacts, that on all trials for felony, where the crime charged includes an *471 assault against the person, the defendant may be acquitted of the felony, but found guilty of the assault and punished therefor, by imprisonment not exceeding three years; because the crime charged in the indictment, includes an assault, and the evidence does not warrant such finding. Regina v. Banks, 8 C. and P. 575; Reg. v. Meredith, Ib. 589, and particularly note t* to 1 Den. Cr. Cas., page 379.
The statute, 9 Geo. IY, cap. 81, see. 17, makes it felony to have carnal knowledge of female children under twelve years of age, even with their consent. If the child is under ten years of age, the felony is punishable with death, and if between ten and twelve years of age, with imprisonment at hard labor, at the discretion of the court; and it has been repeatedly held, that this statute does not deprive the female child of the power to consent, which she had at common law; and, consequently, that if-she did, in fact, consent, there could not be an assault. Vide cases, supra.
In a charge of rape upon a consenting child only nine years old, Lord Denman, C.J., said: “Mr. Robinson has argued that she could not give a legal consent; but I think it is enough, if she gave an actual consent.” The remarks of Alderson, B., and Parke, B., are to the same effect. Reg. v. Read et al., 2 Carr, and Kirw. 386.
' The case of Hags v. The People, 1 Hill (N. Y.), 351, decided in 1841, was an indictment for an assault with intent to commit a rape upon a child under ten years of age, but consenting thereto, and is directly opposed to the cases above cited; Cowen, J., holding that “ the assent of such an infant being void as to the principal crime, it is equally so in respect to the incipient advances of the offender.” The learned judge does not further elaborate the point and cites no authority for the position, and none is cited by counsel upon either side. And with all due submission to the learned judge, we can not perceive, that a statute punishing a man for having carnal connection with a consenting child, makes the consent actually given void, or deprives her of the power to consent. The most that can be said of it is, that the statute declares that such consent, if, in fact, given, shall be no defense to the guilty *472 participant. Such a statute, then, can not make that an assault which was not one before its enactment.
Most of the cases above cited from the English reports, were determined since the decision in 1 Hill was made, and that court was not probably aware of any of them; but, at all events, it is opposed to the decided weight of the authorities. See, also, 1 Russell on Crimes (7th Ed.), pages 693 to 697, inclusive, where most of the cases are collected.
Section 4 of the act for the punishment of crimes (1 S. & 0. Stat. 404), punishes a person who shall have carnal knowledge of his daughter or sister, forcibly and against her will, by imprisonment for life, and the. first clause of section 5 punishes one who shall have carnal knowledge of any woman or child, other than his daughter or sister, forcibly and against her will, by imprisonment for a term of years. And the legislature, having thus provided for the punishment of rape, as known to the common law, proceeds to provide for a consummated connection with a child under ten years of age, with her consent. This last offense does not fall within the common law definition of a rape; but the legislature say in that section, that “ the person so offending shall be deemed guilty of a rape.” This part of the section is substantially like sec. 4, cap. 7 of 18 Eliz., and sec. 17, cap. 31 of 9 Geo. IY., with this exception, the two English statutes declare the act to be a felony, while our statute, declares that the perpetrator shall be deemed guilty of a rape. It was coupled in the same section with an offense falling clearly within the common law definition of a rape. It was, perhaps, an inadvertence on the part of the legislature to so denominate it, and they may not have intended thereby to change the common-law signification of that term. They, however, had power to christen as well as to create the offense, and we are not authorized to disregard so plain an intimation of the legislative will, and must, therefore, hold, that such consummated act, would be a rape within the meaning of the statute. But if this be true, it by no means follows, that the mere attempt to have carnal knowledge of a consenting child, would constitute an offense finder the seventeenth section.
*473 As already remarked, this section requires an assault upon the child, coupled with an intent to have such carnal knowledge, and if either ingredient is wanting, the offense is incomplete.
In Baker v. The State, decided at the present term (ante, p, 214), it was held, “ that the statute does not define an assault, nor specify the acts or degree of participation which will render a party guilty thereof;” and that “ these are matters which the statute leaves to be determined by the definitions, rules and principles of the common law.”
It has been already sufficiently demonstrated, by a reference to decided cases and the comments of elementary writers, that in cases falling within the last clause of section 5, there hi not, and, in the nature of things, can not be an assault upon the female child, as known and defined in the common law; that an assault upon a consenting female, old or young, is a contradiction in terms — -a legal impossibility.
It is insisted, on the part of the state, that the last clause of the fifth section, takes from a female child, under ten. years of age, the power and capacity to consent to a carnal connection. But to this we reply, in the language of C.J. Denman in a similar case arising under the English statute— “ It is enough if she gave an actual consent.” 2 Carr, and Kirw. 937. The statute does not abrogate nor annul a' consent actually given, but declares that such connection shall be punished, notwithstanding such consent. The consent is not made void, but it neither excuses nor justifies the act.
To bring the case within the 17th section, there must have been not only an intent to commit a rape, but that intent must have been manifested by an assault upon the person intended to be ravished. The statute requires both ingredients, and we can dispense with neither. An assault implies force upon one side and repulsion, or want of. assent, upon the other. The crime of rape, at common law, necessarily included an assault, but the rape defined and punished by the last clause of section 5, does not require an assault.
It is manifest, therefore, that a mere attempt to commit *474 this last or statutory kind of rape, is, not within the purview of section 17. The legislature may have inadvertently adopted a phraseology which necessarily excludes it, or they may have designed to make no other or further innovation upon the common law rule, except to provide that such consummated connection with a child should be punished as a rape.
It is much to be regretted that an attempt to have carnal knowledge of a child of such tender years, the child consenting thereto, and the attempt not having been consummated, is not punishable as a crime in Ohio. In this respect our little ones are not so well protected from demoralizing influences, as are the children of the country' from which we, mainly, derive our laws.
It could not, as we have seen, be punished even there as an assault upon the child, and much less', as an assault with intent to commit a rape; but the statutes of 18 Eliz. and of 9 Geo. IV, before mentioned, declare the consummated act a . felony, and the common law makes an attempt to commit a felony, whether common law or statutory, indictable as a misdemeanor. Reg. v. Meredith, 8 C. & P. 590.
The conclusion to which we have come — that the indictment under consideration, does not charge any crime or offense under the statutes of Ohio — requires the reversal of the judgment and sentence, and the discharge of the plaintiff in error.
Judgment accordingly.
Suture, C.J., and Gholson and Scott, J J., concurred.